## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **CORNELIUS JONES,**  *Plaintiff,*  v.  **CLARITY SERVICES, INC.,**  *Defendant.* | Case Number: 8:24-cv-2694 |

### PLAINTIFF'S FIRST AMENDED
### COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, the Plaintiff, CORNELIUS JONES ("Mr. Jones"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, CLARITY SERVICES, INC. ("Clarity"), and in furtherance thereof states as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Jones against Clarity for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("FCRA").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3. Clarity is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) and section 48.193, Florida Statutes.

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because Clarity committed and/or caused the acts of which Mr. Jones complains in Pasco County, Florida, which is in the Middle District of Florida.

## PARTIES

### Mr. Cornelius Jones

5. Mr. Jones is a natural person residing in the City of Zephyrhills, Pasco County, Florida and is *sui juris*.

6. At all relevant times, Mr. Jones resided in Pasco County, Florida.

7. Mr. Jones is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

8. Clarity is a Delaware corporation with a principal business address of 475 Anton Blvd., Costa Mesa, CA 92626.

9. Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

10. Clarity is a nationwide *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or

on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail, internet, and/or telephone communications.

## FACTUAL ALLEGATIONS

### Clarity Produces Clearly Erroneous Report on Plaintiff

11. On or about August 2019, Clarity began maintaining a credit file on Mr. Jones. **SEE PLAINTIFF'S EXHIBIT A.**

12. On or about July 2022, Clarity reported Mr. Jones owed a balance of $1,008.00 to West Creek Financial d/b/a Koalafi ("Koalafi").

13. As of November 2024, Clarity is still reporting this tradeline with a current Balance of $1,152.00, and a Status of "Charge-Off." **SEE PLAINTIFF'S EXHIBIT A, p. 2.**

14. Koalafi offers high-interest rate loans for customers with little or poor credit history to finance "essential purchases," such as furniture, appliances, mattresses, tires, etc. *See* https://koalafi.com/how-it-works-for-business.

15. Mr. Owens' Koalafi loan was settled with a $0 balance on or about May of 2024. **SEE PLAINTIFF'S EXHIBIT B, p. 1.**

16. Further, the creditor instructed Clarity that it should delete the tradeline on or about May of 2024.

17. Clarity has not updated the Koalafi Tradeline since on or about May of 2023. **SEE PLAINTIFF'S EXHIBIT A, p. 2.**

18. Clarity's reporting is therefore false, as the Koalafi loan should not report at all, let alone with a current balance owed.

19. As the above indicates, Clarity lacks reasonable procedures designed to ensure the maximum possible accuracy of the consumer reports it sells.

20. The overwhelming majority of Clarity's data furnishers are short-term, small-dollar lenders.

21. As such, allowing information to remain without update for several years or more virtually guarantees it will sell credit reports with stale, outdated, and erroneous information.

22. Further, Clarity programmed its systems to report as much information as possible, with little regard for the quality or truthfulness of the data.

23. For example, in the Housing Information section of Mr. Jones' report, Clarity reports Mr. Jones' "Months at Address" on May 11, 2021 as being "120 Months." Then, a mere year-and-a-half later, his "Months at Address" is listed as

"60 Months" on November 27, 2023. There is no logical way to reconcile this information or timeline. **SEE PLAINTIFF'S EXHIBIT A, p. 6.**

24. Since May 2024, when the Koalafi tradeline should have been deleted from Mr. Jones' Clarity report, Clarity has sold dozens of reports on Mr. Jones to creditors and potential creditors.

25. Each of these reports contained the incorrect tradeline.

26. As a subsidiary of Experian Information Solutions ("Experian"), one of the largest CRAs in the world, Clarity operates in stark contrast to its parent company.

27. While Experian enforces Metro 2 guidelines, industry standards which contain hundreds of pages of explanations regarding how to report information covering almost every conceivable scenario, which other large CRAs use to serve as a common language, Clarity requires no such compliance and has no discernable quality-assurance standards.

28. Indeed, Clarity frequently reports lengths of employment and residential history that exceed logically impossible timeframes, like a million years, in addition to other clearly false information.

29. The FCRA is clear in its requirement that as a CRA, Clarity must prepare accurate reports:

> **Accuracy of Report.** Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable

procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. §1681e(b).

30. The FCRA required Clarity to follow reasonable procedures to ensure the maximum possible accuracy of any information Clarity reported concerning Mr. Jones.

31. When it sold reports regarding Mr. Jones in the last year-and-a-half, Clarity knew, or should have known, that even under a best-case scenario it was selling out-of-date information it had gathered without regard to accuracy or completeness.

### Clarity's March 12, 2024 Disclosure to Mr. Jones

32. On March 12, 2024, Mr. Jones requested his Clarity consumer credit disclosure. **SEE PLAINTIFF'S EXHIBIT A, p. 1.**

33. Upon receipt of Mr. Jones' request, Clarity was required to disclose all information "clearly and accurately" in Mr. Jones' file at the time of his request, including the identity of each person who obtained a consumer report from Clarity within the prior year for any purpose. If a reseller procured the report, "person" would include an end-user. 15 U.S.C. § 1681g(a)(3)(A)(ii).

34. The FCRA defines "Identification" as "the name of the person or, if applicable, the trade name (written in full) under which such person conducts business." 15 U.S.C. § 1681g(a)(3)(B)(i).

35. Frequently, Experian fails to come close to fulfilling its legal obligations regarding disclosure of this data, often providing incomprehensible combinations of letters as the purported end-user of its consumer reports.

36. For example, Clarity disclosed a hard inquiry from October 2, 2023 as such: The "company" listed as making the inquiry is "CCB/TLS/MK Analytics/Propel." **SEE PLAINTIFF'S EXHIBIT A, p. 3.**

37. In essence, Clarity disclosed four different entities that supposedly all made a single credit inquiry, without indicating which entity or entities requested the report.

38. Clarity disclosed three of these entities using abbreviations that no reasonable consumer would understand.

39. Indeed, upon receipt of his Clarity disclosure, Mr. Jones did not know who obtained his credit report on October 2, 2023 or the reason for the inquiry.

40. Clarity does not provide consumers with a guide or legend to assist in decoding its entries.

41. As a result of Clarity's actions, Mr. Jones has suffered damage, including wasted time, lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to his reputation.

42. Mr. Jones has hired the undersigned law firm to represent him in this matter and has assigned the firm his right to fees and costs.

## COUNT I
## CLARITY'S WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b)

43. Mr. Jones adopts and incorporates paragraphs 1 - 42 as if fully stated herein.

44. Clarity violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures to assure the maximum possible accuracy of the consumer reports it sold regarding Mr. Jones, as reasonable procedures would not have resulted in Clarity's inclusion of tradelines it should have deleted or nonsensical information.

45. Clarity's conduct was either willful and intentional, or done with reckless disregard for its duties under the FCRA.

46. It was reasonably foreseeable that Clarity's policies, or lack thereof, could cause harm to Mr. Jones and other similarly situated consumers.

47. As a result of its conduct, Clarity is liable to Mr. Jones pursuant to the FCRA, for the greater of Mr. Jones' actual damages or statutory damages of up to $1,000 for each occurrence, punitive damages, reasonable attorneys' fees, and costs per 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Jones respectfully requests this Honorable Court enter judgment against Clarity for:

    a. The greater of Mr. Jones' actual damages or statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

    d. Such other relief that this Court deems just and proper.

## COUNT II
### CLARITY'S NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681e(b)
### Pled In the Alternative to Count I

48. Mr. Jones adopts and incorporates paragraphs 1 - 42 as if fully stated herein.

49. Clarity owed Mr. Jones a legal duty to utilize reasonable procedures to ensure the maximum possible accuracy of its consumer reports regarding Mr. Jones.

50. Clarity breached this duty when it failed to follow reasonable procedures to ensure the maximum possible accuracy of the consumer reports it sold regarding Mr. Jones, as the consumer reports it sold included tradelines it should have deleted and other nonsensical information.

51. The harm Clarity caused Mr. Jones through its negligent actions and lack of appropriate policies and procedures was reasonably foreseeable.

52. Clarity acted negligently and pursuant to 15 U.S.C. § 1681o, Mr. Jones is entitled to his actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE**, Mr. Jones respectfully requests this Honorable Court enter judgment against Clarity for:

a. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and

c. Such other relief this Court deems just and proper.

## COUNT IIII
## <u>CLARITY'S WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b)</u>

53. Mr. Jones adopts and incorporates paragraphs 1 - 42 as if fully restated herein.

54. Clarity violated **15 U.S.C. § 1681g,** when responding to Mr. Jone's request for his consumer disclosure by failing to clearly and accurately disclose to him all of the information in his file at the time of the request. Specifically, Clarity failed to properly disclose the inquiring entity in a legible and comprehendible form.

55. This failure to communicate prevented Mr. Jones from ascertaining if the credit inquiry was legitimate and permissible. It caused him to waste additional, unnecessary time investigating the convoluted disclosure.

56. Clarity's conduct was either willful and intentional, or done with reckless disregard for its duties under the FCRA. Clarity was previously put on notice of this issue, and has failed to correct it before violating Mr. Jones' rights.

57. It was reasonably foreseeable that Clarity's policies, or lack thereof, could cause harm to Mr. Jones and other similarly situated consumers.

58. As a result of its conduct, Clarity is liable to Mr. Jones pursuant to the FCRA, for the greater of Mr. Jones' actual damages or statutory damages of up to $1,000 for each occurrence, punitive damages, reasonable attorneys' fees, and costs per 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Jones respectfully requests this Honorable Court enter judgment against Clarity for:

a. The greater of Mr. Jones' actual damages or statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT IV
## CLARITY'S NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681e(b) – ALTERNATIVE TO COUNT III

59. Mr. Jones adopts and incorporates paragraphs 1 - 42 as if fully stated herein.

60. Clarity violated **15 U.S.C. § 1681g,** when responding to Mr. Jones' request for his consumer disclosure by failing to clearly and accurately disclose to him all of the information in his file at the time of the request. Specifically, Clarity failed to properly disclose the inquiring entity in a legible and comprehendible form.

61. This failure to communicate prevented Mr. Jones from ascertaining if the credit inquiry was legitimate and permissible. It caused him to waste additional, unnecessary time investigating the convoluted disclosure.

62. It was reasonably foreseeable that Clarity's policies, or lack thereof, could cause harm to Mr. Jones and other similarly situated consumers.

63. As a result of its conduct, Clarity is liable to Mr. Jones pursuant to the FCRA, for the greater of Mr. Jones' actual damages or statutory damages of up to $1,000 for each occurrence, punitive damages, reasonable attorneys' fees, and costs per 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Jones respectfully requests this Honorable Court enter judgment against Clarity for:

   a. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

   b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and

   c. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. Jones hereby demands a trial by jury on all issues so triable.

Respectfully submitted on November 19, 2024, by:

**SERAPH LEGAL, P.A.**

*/s/ Megan Rosenberg*
Megan A. Rosenberg, Esq.
Florida Bar No.: 1005213
mrosenberg@seraphlegal.com
Thomas M. Bonan, Esq.,
Florida Bar No.: 118103
tbonan@seraphlegal.com
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

## ATTACHED EXHIBIT LIST

A   Clarity's Consumer Report for Mr. Jones, November 6, 2024 – Excerpts

B   Settlement Agreement between Mr. Jones and Koalafi - Excerpts